ARIZONA APPLE ORCHARDS,
an Arizona Corporation,
Plaintiff—Appellee,

v.

GUYANA PHARMACEUTICAL COR-
PORATION, a corporation wholly
owned by the sovereign nation of Gu-
yana, Defendant,

and

Bank of Guyana, the Central Bank of
Guyana, Defendant—Appellant.

No. 00–15303.

D.C. No. CV–98–01815–ROS.

United States Court of Appeals,
Ninth Circuit.

Argued * and Submitted Nov. 7, 2001.

Decided Nov. 16, 2001.

Before FERNANDEZ, RYMER, and
WARDLAW, Circuit Judges.

### MEMORANDUM **

The Bank of Guyana appeals from the district court's order denying its motion to dismiss Arizona Apple Orchards's suit based on the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602–11 (FSIA). We have jurisdiction under the collateral order doctrine, *see Adler v. Federal Republic of Nigeria,* 107 F.3d 720, 723 (9th Cir.1997), and we reverse.

Arizona Apple complains that the Bank, which is the central bank of Guyana, interfered with its assignor's contract with Guyana Pharmaceutical Corporation by refusing to release the foreign currency required for Guyana Pharmaceutical to make payment through its own commercial bank to Arizona Apple. The Bank argues that it only administered Guyana's External Payment Deposit Scheme

---

* Argued by appellant only.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

(EPDS) and that the exchange rate guarantees were not commercial guarantees or contractual obligations to Arizona Apple's assignor. Arizona Apple counters that the Bank offered exchange rate guarantees in connection with a commercial activity.

Arizona Apple's position turns on its view that banks regularly exchange one currency for another at a specified rate, and that the Bank here effectively guaranteed the debts of Guyanese importers. *See Republic of Argentina v. Weltover, Inc.,* 504 U.S. 607, 112 S.Ct. 2160, 119 L.Ed.2d 394 (1992). But this is not what the Bank did. The Bank offered Guyanese importers exchange rate guarantees that Guyana dollars deposited into their local commercial bank and in turn with the Bank of Guyana through EPDS would be converted into foreign currency at a predetermined rate *if and when* sufficient foreign currency should become available. There is no evidence suggesting that banks ordinarily control the collection and distribution of foreign currency for all importers in a country; this seems clearly to be a central bank function. Neither the guarantees to Guyanese importers nor the Bank's alleged failure to honor them forms the basis of Arizona Apple's claims, which are based solely on the Bank's failure to release foreign currency to Guyana Pharmaceutical's commercial bank pursuant to Guyanese foreign exchange regulations. This is a sovereign activity that only a sovereign can do. *See Weltover,* 504 U.S. at 614; *see also Corzo v. Banco Central de Reserva Del Peru,* 243 F.3d 519, 525 (9th Cir.2001).

Thus, the Bank was not acting as a private player in the commercial market but rather was managing foreign exchange. Neither acknowledging receipt of Arizona Apple's assignment nor advising it of the possibility of a debt buy-back through counsel demonstrates otherwise.

Accordingly, the Bank enjoys immunity from suit.

REVERSED.